IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL L. BROWN, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LM GENERAL INSURANCE | : | |
| COMPANY, *et al.*, | : | No. 21-2134 |
| *Defendant* | : | |

## MEMORANDUM

PRATTER, J.                                                                                                                   JUNE 7, 2021

Carol Brown alleges she sustained severe physical injuries when another driver fell asleep behind the wheel and crossed a lane of traffic before striking Ms. Brown's car. At the time of the accident, Ms. Brown received insurance coverage under a policy issued by Liberty Mutual.[1] The other driver, however, was uninsured—in violation of Pennsylvania's Motor Vehicle Financial Responsibility Law. For this reason, Ms. Brown could not claim—and has not received—any compensation based on this other driver's policy. So, Ms. Brown demanded payment of underinsured motorist benefits from Liberty Mutual under her own policy. Because Liberty Mutual disagreed that she was entitled to receive the full stacked limits of UIM coverage and offered only a fraction of what she believes she is legally entitled to, Ms. Brown is suing for a declaration that she is entitled to those limits, and for breach of contract and statutory bad faith.

Liberty Mutual moves to dismiss the statutory bad faith claim and also asks the Court to strike Ms. Brown's request for compensatory damages in Count III. It also moves to strike her request for attorney's fees and costs in Counts I and II and references in the complaint to its alleged

---

[1] Ms. Brown has named several Liberty Mutual entities in her complaint. The Court collectively refers to all defendants as "Liberty Mutual."

1

"reckless," "wanton," and "willful" conduct. For the reasons that follow, the Court grants the motion to dismiss Count III without prejudice and denies the motion to strike certain allegations.[2]

## BACKGROUND

In the aftermath of the accident, Ms. Brown had to be mechanically extracted from her car. Doc. No. 1 (Compl.) ¶ 9. She alleges that she suffered severe physical injuries, including, among other things, a full thickness rotator cuff tear and neurological impairment. *Id.* ¶ 11.

Ms. Brown alleges that she provided notice to Liberty Mutual of her intent to pursue underinsured motorist benefits. She contends that, notwithstanding that she had previously waived underinsured motorist benefits, *id.* ¶ 45, Liberty Mutual did not later seek additional waivers of coverage when she added new cars to the policy, including the one involved in the accident, *id.* ¶¶ 47-50. For that reason, she maintains that she is entitled to $200,000, representing the full stacked coverage limits. Liberty Mutual allegedly offered her only $4,500.

## LEGAL STANDARDS

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. To provide a defendant with fair notice, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Third Circuit Court of Appeals instructs the reviewing court to conduct a two-part analysis. First, any legal conclusions are separated from the well-pleaded factual allegations and disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court determines whether the facts alleged establish a plausible claim for relief. *Id.* at 211.

---

[2] In her response to the motion, Ms. Brown stipulated to the dismissal of her claims for fees, cost of suit and compensatory damages in Count I (declaratory judgment) and Count II (breach of contract) and the request for compensatory damages in Count III. Accordingly, the portion of the motion to dismiss these requests is deemed moot.

2

To that end, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* at 210. If the court can only infer "the mere possibility of misconduct," the complaint has failed to show an entitlement to relief. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). Motions to strike are generally disfavored.

## DISCUSSION

### I. Motion to Dismiss Count III

Liberty Mutual moves to dismiss Count III of the Complaint, in which Ms. Brown alleges statutory bad faith by an insurer. 42 Pa. C.S. § 8371. It contends that the Complaint lacks the particularity required to state a claim and contains only conclusory allegations of bad faith. The Court must agree.

Under Pennsylvania law, to recover on a bad faith action against an insurer, a plaintiff must establish by clear and convincing evidence both "(1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017); 42 Pa. C.S. § 8371. The Third Circuit Court of Appeals has expressed that "mere negligence or bad judgment is not bad faith." *Canfield v. Amica Mut. Ins. Co.*, No. CV 20-2794, 2020 WL 5878261, at *4 (E.D. Pa. Oct. 2, 2020) (quoting *Nw. Mut. Life Ins. Co. v. Babayan*, 430

3

F.3d 121, 137 (3d Cir. 2005)). Rather, bad faith in this context means a "frivolous or unfounded refusal to pay proceeds of a policy . . . a breach of a known duty . . . through some motive of self-interest or ill will." *Babayan*, 430 F.3d at 137.

The complaint, in its current iteration, fails to detail Liberty Mutual's conduct that would support a bad faith claim. Ms. Brown alleges that Liberty Mutual "has devised a scheme of depriving insured of benefits and unreasonably delaying payment of benefits for the purpose of furthering their financial gains." Compl. ¶ 102. To be sure, "[d]elay is a relevant factor in determining whether bad faith has occurred." *Volgraf v. Garrison Prop. & Cas. Ins. Co.*, No. CV 21-1394, 2021 WL 1427337, at *2 (E.D. Pa. Apr. 15, 2021) (citing *Padilla v. State Farm Mut. Auto. Ins. Co.*, 31 F. Supp. 3d 671, 676 n.8 (E.D. Pa. 2014)). Although this complaint alleges the accident took place in January 2020, it does not allege when Ms. Brown noticed her intent to seek UIM coverage or when Liberty Mutual transmitted its offer. So, the complaint fails to plead the length of the alleged delay, let alone whether it was unreasonable. *See Krantz v. Peerless Indem. Ins. Co.*, No. 18-CV-3450, 2019 WL 1123150, at *4 (E.D. Pa. Mar. 12, 2019) (dismissing bad faith claim without prejudice where plaintiff failed to offer facts to show a delay in payment).

District courts in this Circuit, including this Court, "have routinely dismissed bad faith claims reciting only 'bare-bones' conclusory allegations unsupported by facts sufficient to raise the claims to a level of plausibility." *Satterfield v. Gov't Ins. Emps. Co.*, No. CV 20-1400, 2020 WL 7229763, at *2 (E.D. Pa. Dec. 8, 2020) (collecting cases). There are no allegations that Ms. Brown timely submitted her demand, that Liberty Mutual unreasonably investigated, or failed to investigate. At most, the complaint alleges that Ms. Brown sustained severe physical injuries, such that Liberty Mutual's offer of only $4,500 was facially unreasonable.

4

But the pleadings must provide sufficient allegations from which the Court can plausibly infer that Liberty Mutual knew or recklessly disregarded a lack of a reasonable basis to deny benefits. *See Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 15-0077, 2015 WL 3444288, at *5 (E.D. Pa. May 28, 2015). This appears to be a "normal dispute between an insured and insurer over the value of a UIM claim" which is itself predicated on a dispute over Ms. Brown's entitlement to stacked coverage limits. *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012) (citing *Johnson v. Progressive Ins. Co.*, 987 A.2d 781, 785 (Pa. Super. Ct. 2009) (an insurer's "failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith"). Indeed, the complaint itself alleges that Ms. Brown had initially waived coverage of stacked UIM benefits pursuant to Pennsylvania's Motor Vehicle Financial Responsibility Law. Compl. ¶ 21; 76 Pa C.S.A. § 1738. The complaint alleges that Liberty Mutual subsequently failed to request obtain additional waivers of coverage from Ms. Brown and the other policyholder on the policy. Compl. ¶¶ 23-33. The claim to coverage thus is a live dispute that motivates both the declaratory judgment and breach of contract claims. An insurer's refusal to pay the policy limit when it disputes that the insured is entitled to any such coverage at all is not evidence of unreasonable conduct that would support a bad faith claim.

Nor, for that matter, is Liberty Mutual's "low-ball" offer alone necessarily bad faith. *Canfield v. Amica Mut. Ins. Co.*, No. CV 20-2794, 2020 WL 5878261, at *4 (E.D. Pa. Oct. 2, 2020). The complaint contains no allegations that Ms. Brown submitted documentation of the extent of her injuries to support her position such that she is entitled to the policy limit. A policy limit is just that—the ultimate maximum that an insured could theoretically recover. It is not the *de facto* value of a claim.

When a complaint is subject to a Rule 12(b)(6) dismissal, the Court must permit a curative amendment unless to do so would be futile or inequitable. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Because it is possible that Ms. Brown can flesh out her pleadings with more than conclusory statements alleging bad faith, the Court will dismiss Count III but with leave to file an amended complaint that addresses the deficiencies outlined in this Memorandum.

## II. Motion to Strike Allegations of "Reckless," "Wanton," and "Willful" Conduct

Finally, Liberty Mutual moves to "dismiss" all references to its conduct as "reckless", "wanton" and "willful" in the declaratory judgment and breach of contract claims. It so moves on the grounds that there are no facts to support these colorful adjectives nor do they supposedly substantively add to the pleadings. Because Liberty Mutual asks the Court to remove references to allegations in the complaint rather than to dismiss a claim, the Court construes the request as a motion to strike.

"Striking a pleading or a portion of a pleading is a drastic remedy to be resorted to only when required for the purposes of justice." *Champ v. USAA Cas. Ins. Co.*, No. 5:20-CV-01238, 2020 WL 1694372, at *2 (E.D. Pa. Apr. 7, 2020) (internal citations omitted). To sustain her breach of contract claim, Ms. Brown must allege (1) the existence of a contract and its essential terms; (2) a breach of a duty imposed by that contract; and (3) resulting damages. Ms. Brown is not required to show that Liberty Mutual acted recklessly, willfully, or wantonly. True, such language might support a claim for punitive damages. But "[t]he law in Pennsylvania has always been that punitive damages cannot be recovered for breach of contract." *Smith v. Harleysville Ins. Co.*, 418 A.2d 705, 706 (Pa. Super. Ct. 1980), *aff'd*, 431 A.2d 974 (1981). So, Liberty Mutual is correct that such allegations are irrelevant and immaterial to whether Ms. Brown pleads a breach of contract claim.

But, to the extent the complaint incorporates by reference claims of reckless, willful, and wanton conduct into Count III, evidence of such conduct may be material and relevant there. The Court has granted leave to amend that claim. Moreover, a motion to strike allegations is not equivalent to a motion to dismiss for failure to state a claim. The Court discerns no real prejudice to Liberty Mutual with the inclusion of these modifiers that would warrant the extreme relief Liberty Mutual requests.

## CONCLUSION

For the reasons set out in this Memorandum, the Court grants in part Defendants' motion to dismiss Count III without prejudice. The Court denies Defendants' motion to strike references to alleged "reckless," "willful" and "wanton" conduct in Counts I and II. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE