IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL L. BROWN, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| LM GENERAL INSURANCE COMPANY *et al.*, *Defendants* | : : : : | No. 21-2134 |

## MEMORANDUM

PRATTER, J.                                                                                   AUGUST 24, 2021

Following an automobile accident and demand for uninsured motorist benefits from her insurance provider, Carol Brown seeks a declaratory judgment that she is entitled to those benefits, and alleges breach of contract and bad faith conduct arising out of Liberty Mutual's handling of her claim. The Court granted in part Liberty Mutual's motion to partially dismiss the complaint and granted Ms. Brown leave to amend her statutory bad faith claim. Liberty Mutual now moves to dismiss the amended bad faith claim and renews its motion to strike references "reckless," "wanton," and "willful" conduct throughout the Amended Complaint. Ms. Brown did not timely file a response in opposition. For the reasons that follow, the Court grants Liberty Mutual's motion to dismiss and denies its motion to strike.

### BACKGROUND AND PROCEDURAL HISTORY

Because the Court writes primarily for the benefit of the parties, it will discuss only those facts necessary to decide this motion.[1] The Court previously dismissed Count III of Ms. Brown's complaint, which alleged statutory bad faith by an insurer against an insured in violation of 42 Pa. C.S. § 8371. The Court explained that a typical dispute between an insurer and an insured does

---

[1]      The Court previously provided a lengthy recitation of the facts and procedural history. *Brown v. LM Gen. Ins. Co.*, No. CV 21-2134, 2021 WL 2333626, at *1 (E.D. Pa. June 7, 2021).

1

not state a claim of bad faith. Although it dismissed the claim, the Court granted Ms. Brown leave to replead this claim. At that time, the Court also denied Liberty Mutual's motion to strike certain allegations that it had behaved in a "reckless," "wanton," and "willful" manner.

Ms. Brown timely filed an amended complaint with additional allegations regarding her bad faith claim. She now alleges that Liberty Mutual, among other things, failed to conduct a medical evaluation, review her medical records, or otherwise investigate her claim prior to offering a settlement. Doc. No. 10 (Am. Compl.) ¶ 108. She also claims that Liberty Mutual was "dilatory" in its claims handling practice when it allegedly misrepresented that it would resolve the claim and "continuously and endlessly requested" documentation before ignoring that information. *Id.*

## LEGAL STANDARDS

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. To provide a defendant with fair notice, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Third Circuit Court of Appeals instructs the reviewing court to conduct a two-part analysis. First, any legal conclusions are separated from the well-pleaded factual allegations and disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court determines whether the facts alleged establish a plausible claim for relief. *Id.* at 211.

To that end, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* at 210. If the court can only infer "the mere possibility of misconduct," the complaint has failed to show an entitlement to relief. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). Motions to strike are generally disfavored.

## DISCUSSION

### I. Motion to Dismiss Count III

Liberty Mutual moves to dismiss Count III of the Complaint on the grounds that Ms. Brown fails to plead sufficient facts to support a statutory claim for bad faith. 42 Pa. C.S. § 8371. Liberty Mutual contends that Ms. Brown has essentially done nothing more than recycle the allegations in her initial pleading. It argues that the Amended Complaint again boils down to Ms. Brown's claim that, because Liberty Mutual allegedly failed to offer an amount to which she believes she is entitled, it acted in bad faith. Moreover, Liberty Mutual emphasizes that the Amended Complaint concedes that there is a dispute as to whether Ms. Brown is even entitled to coverage under the applicable policy.

Under Pennsylvania law, to recover on a bad faith action against an insurer, a plaintiff must establish by clear and convincing evidence both "(1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017); 42 Pa. C.S. § 8371. The Third Circuit Court of Appeals has expressed that "mere negligence or bad judgment is not bad faith." *Canfield v. Amica Mut. Ins. Co.*, No. CV 20-2794, 2020 WL 5878261, at *4 (E.D. Pa. Oct. 2, 2020) (quoting *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005)). Rather, bad faith means a "frivolous or unfounded refusal to pay

3

proceeds of a policy . . . a breach of a known duty . . . through some motive of self-interest or ill will." *Babayan*, 430 F.3d at 137.

The Amended Complaint, although longer, suffers from the same infirmities as the initial iteration. Ms. Brown alleges that Liberty Mutual, among other things, engaged in "dilatory and abusive claims handing"; acted "unreasonably and unfairly"; failed to pay the disputed amount owed; failed to reasonably and adequately investigate; failed to conduct their own medical evaluation of Ms. Brown; that Ms. Brown transmitted medical documentation establishing that her injuries resulted from the accident; that Liberty Mutual failed to consider that documentation, despite "continuously and endlessly" requesting more evidence as a means to delay resolution of the claim; and that Liberty Mutual relied on the judgment of a non-medically trained claims adjuster.

All told, the Amended Complaint contains a list of 38 ways in which Liberty Mutual allegedly acted in bad faith. But this list is a list of conclusions—not facts. *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (affirming dismissal of bad faith claim because allegations were found to be conclusory); *Baxley v. State Farm Mut. Auto. Ins. Co.*, No. CV 20-5512, 2021 WL 149256, at *3 (E.D. Pa. Jan. 15, 2021) ("The fact that she provided Defendant with supporting documents regarding her claim does not alone indicate bad faith.").

Once again, there are no details that would describe what was supposedly unfair about the process, other than that Ms. Brown disputes the value of the settlement offer.[2] Ms. Brown admits that Liberty Mutual requested her medical records. Am. Compl. ¶¶ 108(ee), 108(hh). Although she contends that the insurer "constructively ignored" those documents, she does not allege that Liberty Mutual failed to review her claim. Rather, she appears to take issue with Liberty Mutual's

---

[2]  Some of her pleadings are internally contradictory. Ms. Brown alleges that Liberty Mutual offered her $4,000, Am. Compl. ¶ 108(w), before later contending that the insurer denied her claim, *id.* ¶ 108(*ll*).

4

claims adjusters' reviewing medical records without being "medically educated." *Id.* ¶ 108(*ll*). But there is nothing pled that the claims adjusters are somehow ill-equipped to perform their job—which entails reviewing medical records in connection with a claim.

The Court previously signaled to Ms. Brown that, to the extent she alleged that Liberty Mutual's conduct was "dilatory," she would need to plead specific facts to support that allegation, i.e., the number of months between demand and settlement offer. *Padilla v. State Farm Mut. Auto. Ins. Co.*, 31 F. Supp. 3d 671, 676 n.8 (E.D. Pa. 2014) ("Delay is a relevant factor in determining whether bad faith has occurred."). The Amended Complaint does not describe the course of the parties' dealings, let alone whether Liberty Mutual delayed its offer of settlement. *See Krantz v. Peerless Indem. Ins. Co.*, No. 18-CV-3450, 2019 WL 1123150, at *4 (E.D. Pa. Mar. 12, 2019) (dismissing bad faith claim without prejudice where plaintiff failed to offer facts to show a delay in payment).

In the final analysis, the Amended Complaint reflects a disagreement over the amount of settlement of Ms. Brown's claim. To state a bad faith claim, an insured "must do more than call [the insurer's] offers 'low-ball.'" *Canfield v. Amica Mut. Ins. Co.*, No. CV 20-2794, 2020 WL 5878261, at *4 (E.D. Pa. Oct. 2, 2020) (the insured's "subjective belief as to the value of her claims is not indicative of bad faith"). As the Court explained at length in its prior opinion, this appears to be a familiar dispute between parties over the *entitlement* to UM coverage as an initial matter as well as the value of a claim to UM benefits. Moreover, accepting the well-pleaded allegations as true that Ms. Brown is indeed entitled to UM benefits, it does not necessarily follow that she is entitled to the limit of that coverage. A policy limit—as its name suggests—is the theoretical maximum that an insured could recover. "It is not the *de facto* value of a claim." *Brown v. LM Gen. Ins. Co.*, No. CV 21-2134, 2021 WL 2333626, at *3 (E.D. Pa. June 7, 2021).

The Court previously granted Ms. Brown leave to address the deficiencies in her initial complaint. But her second bite at the apple also has not offered sufficient factual allegations. The Court grants Liberty Mutual's motion and dismisses the bad faith claim with prejudice.

## II. Motion to Strike Allegations of "Reckless," "Wanton," and "Willful" Conduct

Liberty Mutual again moves to strike all references to its conduct as "reckless", "wanton" and "willful" in the declaratory judgment and breach of contract claims. The Court previously considered—and rejected—this request in Liberty Mutual's first motion to dismiss. At the time, the Court explained that "[s]triking a pleading or a portion of a pleading is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown v. LM Gen. Ins. Co.*, No. CV 21-2134, 2021 WL 2333626, at *3 (E.D. Pa. June 7, 2021) (citing *Champ v. USAA Cas. Ins. Co.*, No. 5:20-CV-01238, 2020 WL 1694372, at *2 (E.D. Pa. Apr. 7, 2020)). And because the Court granted Ms. Brown leave to replead her statutory bad faith claim, the Court found that evidence of reckless, willful, and wanton conduct might be material and relevant to that claim. The Court, however, now grants Liberty Mutual's motion to dismiss the bad faith claim.

To sustain her breach of contract claim, Ms. Brown must allege (1) the existence of a contract and its essential terms; (2) a breach of a duty imposed by that contract; and (3) resulting damages. Whether Liberty Mutual engaged in reckless, willful, or wanton conduct is immaterial and irrelevant to Ms. Brown's breach of contract claim and request for a declaratory judgment. *Tippett v. Ameriprise Ins. Co.*, No. CIV.A. 14-4710, 2015 WL 1345442, at *7 (E.D. Pa. Mar. 25, 2015).

But to prevail on a motion to strike, the allegations must not only be unrelated to the claim. The movant must show how it will be prejudiced if the allegations remain in the pleadings. *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002); *see*

*also Thompson v. Med-Mizer, Inc.*, No. 10-CV-2058, 2011 WL 13141659, at *1 n.1 (E.D. Pa. Oct. 5, 2011). Liberty Mutual fails to explain how it will be prejudiced if the challenged allegations are not stricken. To that end, a bald assertion that Liberty Mutual acted "willfully" or "recklessly" is a legal conclusion that the Court need not accept as true.

So, the Court will deny the motion to strike.

## CONCLUSION

For the reasons set out in this Memorandum, the Court grants Liberty Mutual's motion to dismiss Count III and again denies the motion to strike references to alleged "reckless," "willful" and "wanton" conduct in Counts I and II. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE